been called to it although the note and mortgage fore-
closed in that case were made after the passage of the
act.

An examination of the record shows that appel-
lant was the purchaser of the note and mortgage for
value before maturity and that the loan was not made
for her through Gibson as her agent, as is contended
by appellees.

The question of the validity of the Act of 1901 was
not raised in the Circuit Court and we think appellees
should have an opportunity to litigate it. The judg-
ment of the Circuit Court is therefore reversed and
the cause is remanded to that court.

*Reversed and remanded.*

---

## Thornton Akers, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. M. W.
THOMPSON, Judge, presiding. Heard in this court at the October
term, 1914. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action by Thornton Akers, plaintiff, against Cleve-
land, Cincinnati, Chicago & St. Louis Railway Com-
pany, defendant, to recover damages for breach of a
contract to furnish within a certain time a car of
specified dimensions in which to load an interstate
shipment of hogs. From a judgment for plaintiff, de-
fendant appeals.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY
and F. L. LITTLETON, of counsel.

EDWARD C. CRAIG, DONALD B. CRAIG and JAMES W. CRAIG, JR., for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict not set aside as unsupported by evidence.* A verdict on conflicting evidence will not be set aside on appeal as unsupported by the evidence unless manifestly contrary to the weight of the evidence.

2. INSTRUCTIONS, § 115*—*when requested instruction properly refused as inapplicable to issues.* In an action by a shipper against a carrier to recover damages for breach of a contract to furnish within a certain time a car of specified dimensions in which to load an interstate shipment of hogs, a requested instruction framed on the theory that the issue being tried was whether defendant exercised due diligence to furnish the car ordered within a reasonable time, *held* properly refused as inapplicable to the issues.

3. NEW TRIAL—*when party estopped to complain of admission of incompetent evidence.* A party who is participating in a trial, and who calmly sits by and hears incompetent evidence introduced without interposing any objection thereto, cannot on a motion for new trial be heard to complain that it was admitted.

4. APPEAL AND ERROR, § 450*—*when objection to admissibility of evidence not considered on appeal.* A party who participated in a trial and heard incompetent evidence without objection is estopped to complain on appeal of the admission of such evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.